IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BRIAN R. BROWN,

    Plaintiff,            No. 2:11-cv-1526 KJN P

  vs.

C/O WHITAKER, et al.,

    Defendants.        <u>ORDER</u>

_____/

        Plaintiff is a state prisoner proceeding without counsel.  Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  This proceeding was referred to this court pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 302.

        Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

        Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's prison trust account and forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated to

1

make monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) ("a judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual

allegations sufficient "to raise a right to relief above the speculative level." Id. However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic Corp., 550 U.S. at 555) (citations and internal quotations marks omitted). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, id., and construe the pleading in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

In the statement of claim portion of the complaint form, plaintiff wrote "to whom it may concern." (Dkt. No. 1 at 3.) Plaintiff provides no factual allegations in the complaint. Plaintiff seeks monetary damages for "sexual harassment, violation of [his] civil rights, and public humiliation." (Id.) Plaintiff appends a citizens complaint form[1] in which he stated that on February 27, 2011, plaintiff was allegedly stripped naked, forced to walk back to his cell, with no shower, and was publicly humiliated in front of 199 other inmates. (Dkt. No. 1 at 4.) Plaintiff also claims correctional officer Whittaker allegedly kept asking plaintiff about plaintiff's grievance, which plaintiff alleges was an effort to force plaintiff to drop the grievance. (Id.)

Plaintiff must provide factual allegations in the complaint that give defendants fair notice of plaintiff's claims. While detailed factual allegations are not required, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp., 550 U.S. at 555). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Bell Atlantic Corp., 550 U.S. at 570).

---

[1] Plaintiff is cautioned that the filing of a citizens complaint form does not satisfy the exhaustion requirements of the Prison Litigation Reform Act of 1995: "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U .S.C. § 1997e(a). Prisoners must complete the prison's administrative process through the third level of review, or Director's Level, regardless of the relief sought by the prisoner and regardless of the relief offered by the process, before the prisoner files in federal court. Booth v. Churner, 532 U.S. 731, 741 (2001).

3

1          Plaintiff is cautioned, however, that the allegations set forth in the attachment to
2  the complaint do not state a cognizable civil rights claim for sexual harassment.  Allegations of
3  harassment, embarrassment, and defamation are not cognizable under § 1983.  Gaut v. Sunn, 810
4  F.2d 923 (9th Cir. 1987) (no claim stated when threatened with bodily harm if pursue legal
5  redress).  There is no right to privacy in a prison cell.  See Hudson v. Palmer, 468 U.S. 517, 526
6  (1984).  A prisoner may be subjected to strip searches and body cavity searches conducted in a
7  reasonable manner.  See Bell v. Wolfish, 441 U.S. 520, 561 (1979).  Also, the Ninth Circuit has
8  noted that any privacy right is very limited.  See Somers v. Thurman, 109 F.3d 614, 622 (9th Cir.
9  1997) ("highly questionable" whether inmates have Fourth Amendment right to be free from
10 routine unclothed searches or viewing of their unclothed bodies by officials of the opposite sex);
11 Jordan v. Gardner, 986 F.2d 1521, 1524-25 (9th Cir. 1993) (en banc) (prior case law suggests
12 inmates' legitimate expectations of bodily privacy "extremely limited"; privacy interest in
13 freedom from cross-gender clothed body searches not "judicially recognized").  Given plaintiff's
14 allegations, it is unlikely plaintiff could state a cognizable civil rights claim based on one single,
15 isolated incident of being required to walk naked from the shower area back to plaintiff's cell.
16 See Michenfelder v. Sumner, 860 F.2d 328, 334 (9th Cir. 1985) (visual strip search of male
17 prisoners by female guards does not violate privacy right); Grummett v. Rushen, 779 F.2d 491,
18 494-95 (9th Cir. 1985) (pat-down searches of mail prisoners by female guards does not violate
19 privacy right.)  Rather, a prisoner must establish that the alleged sexual harassment was
20 egregious, pervasive and/or widespread in order to state a claim under the Eighth Amendment.
21 See, e.g., Jordan, 986 F.2d at 1525-31 (9th Cir. 1993) (en banc) (prison policy requiring male
22 guards to conduct body searches on female prisoners); Watson v. Jones, 980 F.2d 1165, 1165-66
23 (8th Cir. 1992) (correctional officer sexually harassed two inmates on almost daily basis for two
24 months by conducting deliberate examination of genitalia and anus).  Without more, plaintiff
25 should not renew this claim in any amended complaint.
26 ////

Plaintiff names the Warden as a defendant. Plaintiff is advised that [t]he Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Servs., 436 U.S. 658, 692 (1978) ("Congress did not intend § 1983 liability to attach where . . . causation [is] absent."); Rizzo v. Goode, 423 U.S. 362 (1976) (no affirmative link between the incidents of police misconduct and the adoption of any plan or policy demonstrating their authorization or approval of such misconduct). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979) (no liability where there is no allegation of personal participation); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979) (no liability where there is no evidence of personal participation). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (complaint devoid of specific factual allegations of personal participation is insufficient). The complaint includes no charging allegations as to the warden. Accordingly, plaintiff should not include the warden as a defendant in any amended

5

complaint.

Finally, it is unclear whether plaintiff can state a cognizable civil rights claim for retaliation. If prison officials retaliate against an inmate for the exercise of his constitutional rights, the prisoner may have a viable claim under the civil rights act. See Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005) (the elements of a retaliation claim are (1) an assertion that a state actor took some adverse action against an inmate (2) because of (3) that inmate's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights and (5) the action did not reasonably advance a legitimate correctional goal). Plaintiff's vague allegation of retaliation does not state a cognizable civil rights claim under Rhodes.

The court finds the allegations in plaintiff's complaint so vague and conclusory that it is unable to determine whether the current action is frivolous or fails to state a claim for relief. The court has determined that the complaint does not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2). Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. Jones v. Cmty Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support plaintiffs claim. Id. Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the complaint must be dismissed. The court will, however, grant leave to file an amended complaint.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions about which he complains resulted in a deprivation of plaintiff's constitutional rights. Rizzo v. Goode, 423 U.S. 362, 371 (1976). Also, the complaint must allege in specific terms how each named defendant is involved. Id. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Id.; May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory allegations of official

1  participation in civil rights violations are not sufficient. Ivey v. Board of Regents, 673 F.2d 266,
2  268 (9th Cir. 1982).
3          In addition, plaintiff is hereby informed that the court cannot refer to a prior
4  pleading in order to make plaintiff's amended complaint complete.  Local Rule 220 requires that
5  an amended complaint be complete in itself without reference to any prior pleading.  This
6  requirement exists because, as a general rule, an amended complaint supersedes the original
7  complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended
8  complaint, the original pleading no longer serves any function in the case.  Therefore, in an
9  amended complaint, as in an original complaint, each claim and the involvement of each
10 defendant must be sufficiently alleged.
11         In accordance with the above, IT IS HEREBY ORDERED that:
12         1.  Plaintiff's request for leave to proceed in forma pauperis is granted.
13         2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.
14 Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C.
15 § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the
16 Director of the California Department of Corrections and Rehabilitation filed concurrently
17 herewith.
18         3.  Plaintiff's complaint is dismissed.
19         4.  Within thirty days from the date of this order, plaintiff shall complete the
20 attached Notice of Amendment and submit the following documents to the court:
21         a.  The completed Notice of Amendment; and
22         b.  An original and one copy of the Amended Complaint.
23 Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the
24 Federal Rules of Civil Procedure, and the Local Rules of Practice.  The amended complaint must
25 also bear the docket number assigned to this case and must be labeled "Amended Complaint."
26 ////

1  Failure to file an amended complaint in accordance with this order may result in the dismissal of
2  this action.
3  DATED: July 26, 2011

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

brow1526.14

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BRIAN R. BROWN,

    Plaintiff,　　　　　　　　　　No. 2:11-cv-1526 KJN P

  vs.

C/O WHITAKER, et al.,　　　　　　　　<u>NOTICE OF AMENDMENT</u>

    Defendants.

_____/

    Plaintiff hereby submits the following document in compliance with the court's order filed _____:

    _____　　　Amended Complaint

DATED:

                                                             Plaintiff